**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| M.T. by and through DENISE TODD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 1:11-cv-969-WTL-DKL |
| ) | |
| ACCOUNTS RECOVERY BUREAU, INC., ) | |
| ) | |
| Defendant. ) | |

# PLAINTIFF'S REPLY TO THE DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR ASSESSMENT OF ATTORNEYS' FEES AND COSTS

Comes now the Plaintiff, by counsel, and hereby files her Reply to the Defendant's Objection to Plaintiff's Motion for Assessment of Attorneys' Fees and Costs in the above-captioned action and, in support thereof, would show the Court the following:

**Plaintiff's Method of Litigation Generally**

1. The Plaintiff's legal counsel has not spent time unnecessarily in this case.

2. Indeed, Plaintiff's time entries consist of 5.1 hours of attorney time and 8.4 hours of law student/paralegal time. The reason for this is that, typically, the law student will prepare the pleadings and counsel reviews them, makes changes, and then the law student modifies the pleading accordingly and re-submits it to the attorney for review. Thus, the law student is performing the majority of the work in an effort to mitigate expenses.

**Plaintiff's Response to Paragraph 1**

3. In paragraph 1 of Defendant's objection, the Defendant contends that this case is not a bankruptcy case so no credit should be given for reviewing the bankruptcy

1

court docket.  However, the Defendant takes the Plaintiff "as is".  This Plaintiff had filed bankruptcy and reviewing the bankruptcy docket was important because this lawsuit could have been an asset of the bankruptcy estate.  The lawsuit is not part of the bankruptcy estate.  But, it is important (and required by the U.S. Bankruptcy Code) to ensure that the bankruptcy court is informed of the Plaintiff's assets.

### Plaintiff's Response to Paragraph 2

4. The Defendant contends that the work performed by the Plaintiff's legal counsel and law students/paralegals is excessive.

5. However, the Plaintiff economizes these entries by having law students perform the work and the attorney for Plaintiff then reviews the work.  By doing so, this minimizes the costs as much as possible.

6. The amount of time set forth in the affidavit is necessary because there are a lot of documents that must be prepared and reviewed when a lawsuit is filed in the federal courts.

7. Further, researching the Defendant is necessary because the Plaintiff has to know information about the Defendant.  In this case, the law student had to find a pending or closed case in the office and review the paperwork from the pending or closed case.  While Counsel's office is not large, it does take time to find the file, review the file, and incorporate the information into the new lawsuit.

8. Further, Plaintiff's counsel only spent .4 hours reviewing all of the documentation.  This is not excessive.

**Plaintiff's Response to Paragraphs 3 and 4**

9. In paragraph 3 of the Defendant's objection, the Defendant contends that certain tasks are clerical in nature and should not be billed separately.

10. However, many of the Defendant's objections involve filing documents on line. The Court should deny the Defendant's objection because the fact that the court provides training and court certification to enable people to file electronically suggests that electronic filing is more than purely administrative or clerical function. *See, e.g.*, Williams v. Z.D. Masonry Corp. 2009 WL 383614 (N.D. Ill. 2009).

11. It is important to note that the Plaintiff is NOT requesting time spent copying documents, organizing files, and other vague clerical tasks. Recovery for such tasks has typically been denied by the Courts.

12. The Clerk's Office has a set procedure on how to file pleadings; therefore, recovery should be allowed because filing requires knowledge of the Clerk's requirements.

13. Likewise, the Post Office has a set procedure on how to send documents certified mail; therefore, recovery should be allowed because sending documents via certified mail requires knowledge of the Post Master's requirements.

14. In paragraph 4 of the Defendant's objection, the Defendant questions the amount of time taken to file the Complaint in this case and the Defendant cites another case that was filed the same day as this one. This can be explained because travel time to the courthouse is 30 minutes, then 15 minutes to go through security and

walk to the clerk's office, 15 minutes in the clerk's office, 10 minutes to walk back to the car, and 30 minutes back to the office.

### Plaintiff's Response to Paragraph 5

15. In paragraph 5 of the Defendant's objection, the Defendant states that filing the acceptance of the offer of judgment is excessive.

16. However, as stated previously, the Court should deny the Defendant's objection because the fact that the court provides training and court certification to enable people to file electronically suggests that electronic filing is more than purely administrative or clerical function. *See, e.g.*, Williams v. Z.D. Masonry Corp. 2009 WL 383614 (N.D. Ill. 2009).

### Plaintiff's Response to Paragraph 6

17. In paragraph 6 of the Defendant's objection, the Defendant contends that the Plaintiff should not recover fees for discovery that was not sent.

18. However, drafting discovery is necessary in a lawsuit. *See* Torgerson vs. Arrow Financial Services, 2007 WL 1941752 (N.D. Ill. 2007) (the Court noted that the Federal Rules do not prohibit parties from preparing discovery requests beforehand and the Court awarded time spent on preparing discovery requests).

### Plaintiff's Response to Paragraph 7

19. In paragraph 7 of the Defendant's objection, the Defendant contends that counsel's time spent on reviewing time entries was excessive.

20. First, once again, the Plaintiff economized this matter by having the law student prepare the initial time entries and then Plaintiff's counsel reviewed them.

21. Plaintiff's counsel did not review the other cases against ARB that were pending. Instead, Plaintiff's counsel examined all of the work done on this case only. At the time of the preparation of the fee petition, this case had approximately 16 docket entries.

**Plaintiff's Response to Paragraph 8**

22. In paragraph 8 of the Defendant's objection, the Defendant contends that counsel's hourly rate is excessive.

23. However, Plaintiff's legal counsel has approximately 15 years of litigation experience. Further, Plaintiff's legal counsel provided a portion of the fee agreement which states that, in the event that the Plaintiff terminated counsel, she would pay his fee at $250/hour.

24. Counsel's hourly rate is reasonable. In addition to the case law already provided by counsel, this fee rate is within the norm. *See, e.g.*, Langley vs. Check Game Systems, Inc., 2007 WL 2701345 (S.D. Cal. 2007) (awarding $350/hour for the work of an attorney with eight years of legal experience); *see also* Torgerson v. Arrow Financial Services, 2007 WL 1941752 (N.D. Ill. 2007) (approved hourly fees of $340 and $310 per hour on two attorneys); Owens v. Howe, 365 F.Supp.2d 942 (N.D. Ind. 2005) (Court approved hourly rate of $225 per hour); Gradisher v. Check Enforcement Unit, Inc., 2003 WL 187416 (W.D. Mich. 2003) (Court approved hourly rate of $300 per hour).

25. Further, because the law student/paralegal's time was greater than the attorney time, the Plaintiff's request for fees is reasonable. *See* Lemieux vs. Guy, 2006

      WL 3626555 (S.D. Ind. 2006) (noting expectation of high efficiency where hourly rate is high).

26. Finally, counsel is entitled to additional fees for preparing this reply. The additional cost and time expended preparing this Motion for an Award of Costs and Attorney Fees and briefing will be submitted when work of plaintiff's counsel is completed. An award of fees is appropriate for the time expended in pursing a Motion For Award of Attorney Fees. *See* Lund v. Affleck, 587 F.2d 75 (1st Cir. 1978); Gagne v. Maher, 594 F.2d 336 (2d Cir. 1979); David v. City of Scranton, 633 F.2d 676 (3d Cir. 1980); TylerBusiness Servs., Inc. v. N.L.R.B., 695 F.2d 73 (4th Cir. 1982); Johnson v. State of Miss., 606 F.2d 635, 638 (5th Cir. 1979); Weisenberger v. Huecker, 593 F.2d 49 (6th Cir. 1979); In re Burlington N., Employment Practices Litig., 832 F.2d 430 (7th Cir. 1987); Jordan v. Multnomah County, 815 F.2d 1258, 1264 (9th Cir. 1987); Haitian Refugee Center v. Meese, 791 F.2d 1489, 1500-01 (11th Cir. 1986).

27. The Plaintiff's counsel will submit Supplemental Declarations for an Award of Attorney Fees.

WHEREFORE, the Plaintiff respectfully requests that the Court deny the Defendant's objections; award her reasonable attorneys' fees and costs as set forth in Plaintiff's requests; and grant her all other just and proper relief.

    Respectfully submitted,

    _/s/ John T. Steinkamp_____
    John T. Steinkamp, #19891-49
    Attorney for Plaintiff
    5218 S. East Street, Suite #E-1
    Indianapolis, IN 46227
    (317) 780-8300
    steinkamplaw@yahoo.com

**Certificate of Service**

  I hereby certify that on February 13, 2012, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Peter Velde
KIGHTLINGER & GRAY, LLP
Pvelde@k-glaw.com

                 Respectfully submitted,

                  /s/ John T. Steinkamp
                 John T. Steinkamp
                 John Steinkamp & Associates
                 5218 S. East Street, Suite #E-1
                 Indianapolis, IN  46227
                 Phone: (317) 780-8300
                 Fax: (317) 217-1320
                 steinkamplaw@yahoo.com