**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **M.T., by and through DENISE TODD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CAUSE NO.  1:11-cv-969-WTL-DKL** |
| | ) | |
| **ACCOUNTS RECOVERY BUREAU,** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTIONS FOR ASSESSMENT OF ATTORNEY'S FEES AND COSTS

Plaintiff, M.T., by and through Denise Todd, filed a *Motion for Assessment of Attorney's Fees and Costs.* [Doc. 19.] Defendant, Accounts Recovery Bureau, Inc., ("ARB") opposed the motion, and Plaintiff filed a reply. [Docs. 21 and 27.] Oral argument before this Court was held on February 29, 2012. [Doc. 29.][1]  The Honorable William T. Lawrence has designated this Magistrate Judge, under Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), to issue a report and recommendation on the motion.  [Doc. 26.]

---

[1] The Court held a consolidated oral argument on three plaintiffs' petitions for attorney's fees and costs.  See *Young v. Accounts Recovery Bureau, Inc.*, Cause No. 1:11-CV-255-WTL-DKL; *M. v. Accounts Recovery Bureau, Inc.*, Cause No. 1:11-CV-929-WTL-DKL; and *T. v. Accounts Recovery Bureau, Inc.*, Cause No. 1:11-CV-969-WTL-DKL.  These cases are similar: Attorney John Steinkamp ("Steinkamp") represents all three plaintiffs; ARB is the defendant; and, ARB is represented by Attorney Peter Velde ("Velde"). Despite these similarities, a separate report and recommendation will issue for each cause.

## I.  PROCEDURAL HISTORY

In this cause, Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., during the process of collecting on a consumer debt.  Plaintiff, as the successful party based on accepting Defendant's offer of judgment, seeks an award of attorney's fees and costs under the FDCPA.  15 U.S.C. § 1692k(a)(3).

In the motion, seeks $1,200.00 for attorney time (4.8 hours at $250.00 per hour), $900.00 for paralegal/law clerk time (9 hours at $100.00 per hour),[2] and $380.00 in costs for a total of $2,480.00.  [Doc. 19, Ex. 3.]  Plaintiff also seeks $450.00 for filing a reply, and $300.00 for time associated with the hearing on the motion.  [Doc. 27, Ex. 1; Ex. 3, admitted at oral argument.]  In total, Plaintiff requests an award of $3,230.00 of attorney's fees and costs.

Defendant does not oppose the award of attorney's fees and costs in general, but it does challenge two aspects of the award sought by Plaintiff and argues the amount awarded should be lower, because (1) the hourly fee of $250.00 per hour for attorney time is unreasonable and the calculation should be based on a fee of $150.00 per hour; and (2)

---

[2] Plaintiff's motion for fees and costs included a request for the hourly rate for paralegal/law clerk work.  [Doc. 19, Ex. 1, ¶8.]  Defendant did not oppose this $100.00 hourly rate for paralegal/law clerk time in its response brief.  However, at oral argument, Defendant challenged any work performed by law students at this rate.  The undersigned declines to address this objection finding that it was untimely raised.

the award should be reduced to $1,320.00 in total, because some of the charges are unreasonable.  [Doc. 21.][3]

## II.  LEGAL STANDARDS

The FDCPA provides for an award of "a reasonable attorney's fee" to the prevailing party.  15 U.S.C. § 1692k(a)(3).  The general rule for calculating attorney's fee awards under fee shifting statutes is applicable to attorney's fees awards under the FDCPA.  *Gastineau v. Wright*, 592 F.3d 747, 748-749 (7th Cir. 2010).  The Supreme Court has recognized that the lodestar method—the product of a reasonable hourly rate and the number of hours reasonably expended on the litigation—yields a fee amount that is presumptively reasonable.  See *Pennsylvania v. Del. Valley Citizens' Counsel for Clean Air*, 478 U.S. 546, 565, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986); *Gastineau*, 592 F.3d at 748.  The Court may exercise flexibility to "adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation."  *Gastineau*, 592 F.3d at 748.  The party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999).

---

[3] Defendant raised no objection to Plaintiff's request for fees and costs associated with the filing of the reply or appearing for oral argument.  The Seventh Circuit recognizes that fee awards should include time that attorneys reasonably spend on fee disputes.  See *Stark v. PPM America, Inc.*, 354 F.3d 666, 674 (7th Cir. 2004).

### III.  DISCUSSION

**A.     Reasonableness of Hourly Rates**

Generally, a reasonable hourly rate for an attorney is based on what the attorney charges and receives in the market from paying clients for the same type of work.  *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir. 2003).   Plaintiff bears the burden of producing satisfactory evidence that the hourly rate is reasonable and in line with those prevailing in the community.  *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011).  If Plaintiff satisfies this burden, the opposing party must offer evidence setting forth "a good reason why a lower rate is essential."  *Id.* (internal quotation and citation omitted).

Plaintiff contends that Steinkamp's $250.00 hourly rate is reasonable based on his experience as a litigator.  To support the reasonableness of this hourly fee, Plaintiff submitted Steinkamp's resume, indicating that he has more than 15 years of legal experience; his affidavit detailing fees and costs; an article about the rising rates of Indianapolis law firms from a May 15, 2010 *Indianapolis Business Journal* article; and a portion of the contingency fee agreement for FDCPA cases, wherein Steinkamp's firm purports to charge clients $250.00 an hour for attorney time and $100.00 an hour for paralegal time if the client prematurely terminates the attorney-client relationship. [Doc. 19, Ex. 1-2, 4-5.]

The Court finds that Steinkamp's $250.00 per hour fee is reasonable.  Steinkamp has more than 15 years of legal experience and there is some evidence indicating that $250.00 is an appropriate hourly rate for this type of work in this community.  The "next best

evidence" of an attorney's market rate may be evidence of fee awards the attorney has received in similar cases. *Spegon*, 175 F.3d at 555; *Jeffboat, LLC, v. Dir., Office of Workers' Comp. Programs*, 553 F.3d 487, 491 (7th Cir. 2009) ("a previous attorneys' fee award is useful for establishing a reasonable market rate for similar work").

In another FDCPA case involving the same Defendant ARB, the Court awarded Steinkamp attorney's fees at a rate of $250.00 per hour. *Luttrell v. Accounts Recovery Bureau, Inc.*, Cause No. 1:11-CV-0877-JMS-DML, 2012 WL 566396 (S.D. Ind. Jan. 26, 2012), slip op at 3-4. The Court finds that Plaintiff has met the burden in establishing that $250.00 is a reasonable hourly rate. When the fee applicant satisfies the burden, it is incumbent on the opposing party to offer evidence that sets forth "a good reason why a lower rate is essential." *Pickett*, 664 F.3d at 640 (internal quotation and citation omitted).

Defendant challenges the hourly rate Plaintiff seeks and contends that the hourly rate sought in this case is excessive. [Doc. 21 at 3.] Defendant maintains that the rate should be $150.00 because counsel lacks experience with FDCPA cases. [Doc. 21 at 4.] Defendant relies on *Gastineau*, 592 F.3d 747, where the Seventh Circuit affirmed the district court's reduction of an attorney hourly rate from $250.00 to $150.00. In that case, the Seventh Circuit approved this rate reduction because the attorney seeking fees in *Gastineau* was handling his very first FDCPA case, he was substituted in as counsel late in the proceedings, and provided poor lawyering. *Id.* at 749. The Seventh Circuit noted that "it was inappropriate that a substantial portion of the hours billed were to compensate [the attorney in *Gastineau*] for learning this area of the law." *Id.* None of those factors is present

in this case.  There is no claim here that Steinkamp provided inferior legal services, and there is no indication that any of the time recorded here was in order for him to learn FDCPA practice.  Thus, *Gastineau* is distinguishable.  As such, the $250.00 per hour rate is reasonable for Steinkamp's work.

**B.    Hours Expended**

Having determined that $250.00 is an appropriate hourly rate for Plaintiff's attorney, the Court must then assesses the attorney's time entries to exclude any hours deemed "'excessive, redundant or otherwise unnecessary.'" *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 708 (7th Cir. 2001), quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).  The Court will specifically address the objections raised by Defendant: (1) drafting the complaint and researching Defendant; (2) charges for secretarial or clerical tasks; (3) preparation and review of time entries; (4) discovery not served; and (5) research of a bankruptcy proceeding.

*1.   Drafting the Complaint and Researching Defendant*

Defendant objects to the following time entries as excessive: 1.2 hours of paralegal/law clerk time to draft the complaint and .5 hours of paralegal/law clerk time for researching Defendant on July 20, 2011.  [Doc. 21 at 1.]  Defendant argues that this time charged is excessive because the complaint here mirrors complaints Plaintiff's counsel has used in at least four other lawsuits filed in 2011 against ARB.  [Doc. 21, Ex. 1-4.]  According to Defendant, the Court should consider whether counsel uses form pleadings when determining whether the amount of time charged is reasonable.  *Avila v. Van Ru Credit*

*Corp.*, Cause No. 94 C 3234, 1995 WL 683775 (N.D. Ill Nov. 16, 1995); *LeMieux v. Guy*, Cause No. 1:06-CV-0941-DFH-WTL, 2006 WL 3626555 (S.D. Ind. Nov. 20, 2006).

In the reply and at oral argument, Steinkamp generally responded that he minimized charges by using law students to research the file, to prepare the complaint, and to conduct pre-suit research on the defendant.   Counsel asserted that the charges were necessary to adequately prepare the case and at oral argument, he conceded that FDCPA cases, like the instant case, lend themselves to form pleading practice.

The Court finds that Defendant's objection is well taken.  It is excessive to charge 1.2 hours to make relatively minimal changes to a form complaint.  The Court further finds that it is unreasonable to charge .5 hours to "research" ARB when Plaintiff's counsel had only recently filed a FDCPA lawsuit against ARB one week earlier.[4]  The Court concludes that the time required in preparing a form complaint in this instance and conducting research on this Defendant was excessive or otherwise unnecessary given the number of cases filed by Steinkamp against this same Defendant.  Consequently, the Court reduces the time associated with completing a form complaint by one-half to .6 hours and zero hours for "research" of ARB.[5]

---

[4] On July 14, 2011, Plaintiff's counsel filed an FDCPA action against ARB, *M. et al v. Accounts Recovery Bureau, Inc.*, 1:11-cv-00929 WTL-DKL.

[5] Defendant does not challenge the amount of time (.4 hours) Steinkamp expended in reviewing and signing the complaint and related documents on July 21, 2011.

2. *Charges for Secretarial or Clerical Tasks*

Defendant argues that secretarial or clerical tasks should not be included as part of an award of attorney's fees. Along these lines, Defendant objects to the following time entries: .9 hours of paralegal/law clerk time to filing the complaint on July 21, 2011[6]; 2 hours for retrieving documents from court, preparing the documents to be mailed and the subsequent delivery of these documents to the post office all on July 24, 2011; .2 hours of paralegal/law clerk time to file an Acceptance on October 13, 2011.[7] [Doc. 21 at 2-3.] Defendant contends that all of this work falls in the category of administrative tasks for which recovery should not be awarded.

Generally, attorney or paralegal time should not be charged for "simple administrative tasks that can easily be performed by a full-time secretary." *Spegon*, 175 F.3d at 553 (in a motion for fees, "the district court should disallow time spent on what are essentially 'clerical' or secretarial tasks.") Traditionally, travel to and from court to file documents was considered part of overhead and not compensable. *Id.*

---

[6] Defendant points out that the Court should disallow the full amount of .9 hours for this task because Court records reflect that the Complaint was filed at 1:33 p.m. and Plaintiff's counsel filed another case, *Kelso v. Harris & Harris, Ltd*, 1:11-CV-0970-TWP-DKL, six minutes later. [Doc. 21 at 2.] The Court does not need to address this disparity since the entire filing is disallowed because the Court finds it to be an administrative clerical task.

[7] Defendant referenced this entry as occurring on August 13, 2011. There is no entry for August 13. Consequently, this must have been a typographical error and there reference is to the "Filed acceptance" on October 13, 2011.

The Court agrees that .9 hours of paralegal/law clerk time to filing the complaint on July 21, 2011, constitutes administrative time.  Likewise, the Court finds that the 2 hours of paralegal/law clerk time for the time spent on July 24, 2011, traveling to court for purposes of retrieving documents from the court, preparing the documents for mailing, and traveling to the post office and mailing the documents falls in the administrative clerical category as well.  Therefore, the Court will disallow the paralegal/law clerk time for these activities.

However, the Court views the filing of electronic documents differently.  Plaintiff points out that electronic filing requires court training and is not available to everyone. Indeed, the Court's Case Management/Electronic Case Filing system ("CM/ECF") requires attorneys to file documents electronically and to do so requires ECF registration by an attorney.   Registered attorneys are then assigned a login and password that is used when filing documents.  S.D. Ind. *Electronic Case Filing Policies and Procedures Manual*, pp. 1, 5-6. Based on ECF requirements, the filing of the October 13, 2011 Acceptance could only be accomplished by an attorney (or a staff member utilizing the attorney's registration.)  The Court agrees with Plaintiff that the time spent electronically filing court documents should not be characterized merely as clerical or administrative in nature.   "In light of the problems that can result from a botched electronic filing, the court will not second-guess the firm's decision that such filing must be overseen by a paralegal."   *Williams v. Z.D. Masonry, Corp.*  Cause No. 07 C 6207, 2009 WL 383614 (N.D. Ill. Feb. 17, 2009), slip op at 10.

The .2 hours billed at the $100.00 paralegal/law clerk rate for these activities will be allowed.

### 3. Preparation and Review of Time Entries

Defendant challenges the 1.2 hours of paralegal/law clerk time for drafting time entries on October 27, 2011, and .5 hours of attorney time to review time entries on October 28, 2011, as being excessive, and argues these activities should be reduced by half. [Doc. 21 at 3.] This particular objection relates to how Steinkamp prepared the invoices that he submitted with Plaintiff's motions.

With respect to these objections, Steinkamp contends that charges are minimized by having law students review the file and create the time entries, and then he reviews their work. At oral argument, Steinkamp further explained that time entries are not recorded contemporaneously at the time a task is completed. In sum, the time entries reflect an after-the-fact estimate of the time it usually takes to complete a particular task.

The Court prefers that a petition for attorney's fees be supported by meticulous, contemporaneous time records. But the use of reconstructed time records "does not doom" a fee petition. *Harper v. City of Chicago Heights*, 223 F. 3d 593, 605 (7th Cir. 2000). However, in this instance, if the actual time it had taken to complete each task had been recorded at the time the task was completed then there would be no need for a law clerk to spend 1.2 hours recreating a time record.

So the real question is whether it is appropriate to seek reimbursement from the opposing party for the time spent in *recreating* these time records. The Court finds that it

is not.  *Id.* ("It is within a district court's power to reduce a fee award because the petition was not supported by contemporaneous time records.")  Accordingly, 1.2 hours of paralegal/law clerk time expended in the after-the-fact creation of a time record is disallowed.  The .5 hours of attorney time in reviewing the final records is allowed.

### 4.  *Discovery Not Served*

Defendant objects to time charges for discovery that was prepared on September 22, 2011 because it was "not necessary for the prosecution of this action."  [Doc. 21 at 3.] Defendant argues that the charged 1.1 hours of paralegal time for drafting discovery, and .5 hours of attorney time for reviewing discovery was unnecessary, because it was prepared prior to preparation of the case management plan and the initial pre-trial conference and the discovery was never served on Defendant.

The Court disagrees.   Parties are prohibited from engaging in discovery until after the Rule 26(f) conference. Fed. R. Civ. P. 26(d).  The rules place no such restriction on when a party may start drafting its discovery requests.  This lawsuit was filed on July 21, 2011, and Plaintiff drafted discovery two months later.   The Court finds this to be entirely reasonable.  See *Luttrell*, slip op at 5-6 (allowed compensation for time spent preparing discovery although Defendant filed an offer of judgment prior to the service of that discovery); *Torgerson v. Arrow Fin. Serv.*, Cause No. 06 C 6032, 2007 WL 1941752 (N.D. Ill. Jun. 29, 2007), slip op at 4, (court permitted the plaintiff in FDCPA case to recover attorney fees for time drafting discovery that was never served because the plaintiff accepted an

offer of judgment.)   Therefore, the time incurred for drafting discovery on September 22, 2011, is allowed.

### 5. Research of a Bankruptcy Proceeding

Finally, Defendant objects to the .3 hours of pre-suit attorney time on July 13, 2011, for reviewing a trustee's report in a bankruptcy case.  Defendant argues that this charge was unnecessary and should not be permitted.  [Doc. 21 at 1.] According to Steinkamp, review of the bankruptcy docket was necessary to determine if this Plaintiff, who had previously filed bankruptcy, had listed the litigation as an asset of the bankruptcy.  The undersigned finds the Steinkamp's explanation to be both plausible and prudent.  The .3 hours of attorney time is reasonable and necessary in this instance and will be allowed.

## IV.  CONCLUSION

Plaintiff requests a total award of $3,230.00 of attorney's fees and costs, including $1,200.00 for attorney time (4.8 hours at $250.00 per hour), $900.00 for paralegal/law clerk time (9 hours at $100.00 per hour), $380.00 in costs, $450.00 for the reply, and $300.00 for preparation and participation in the hearing .

For the reasons above, the undersigned recommends that 5.2 hours of paralegal/law clerk time be deducted from Plaintiff's request for fees.  As a result, the Court should award $1,200.00 for attorney time, $380.00 for paralegal/law clerk time (3.8 hours at $100.00 per hour), $380.00 in costs, $450.00 for the reply, and $300.00 for the hearing or a total of $2,710.00.

The Court further recommends that the Court order Defendant to pay the amount of its offers of judgment plus the amounts for attorney's fees and costs within 14 days of the Court's order, following which the parties must file a stipulation of dismissal with prejudice. Each party will receive this report and recommendation in accordance with Fed. R. Civ. P. 72(a).

Any objections to this report and recommendation must be filed with this Court in accordance with Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1) within 14 days of service. Failure to object will result in waiver of objection or appeal of the issues addressed in this report and recommendation.

Dated:   08/08/2012

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distributed to:

John Thomas Steinkamp
JOHN T. STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com

Peter A. Velde
KIGHTLINGER & GRAY
pvelde@k-glaw.com